Opinion of the court by
Judge Whyte..
The bill states that in the year 1784 William Haden, father of the complainant Sally, then a married woman apd the wife of one William Merril, conveyed by deed of gift dated 6th October of that year, to the said Sally for her life, two slaves Dinah and Harry, and after her death he gave the said two slaves, and the increase of Dinah (if any) to her children, which deed of gift was duly proved and registered.
The bill further states that the said William Merril departed from his family, and went to parts unknown, about ten years before the filing of this bill, and has not been heard of since. That the defendants have, by some means, got Milly (increase of Dinah) into their possession without the complainant’s consent; that said Milly, whilst in Johnston’s possession, had three children, Dinah, Randal and Dicy, which he sold to the defendant Parchment, (except Dinah.) That Milly, since she has been in his possession, has had another child, age and , name unknown. That the defendants are in slender and declining circumstances; and that defendant Parchment has it in view to move the said slaves out of the State. The complainants pray that defendants may be compelled to give security to deliver up said slaves upon the death of complainant Sally, so as to be equally divided amongst her children, the other complainants.
The defendant, Johnston, by his answer says that the complainant Sally (his mother-in-law,) intermarried with the said William Merril sometime between the years 1770 and 1780, that the said negroes. Dinah and Harry, were given, by the said William Haden, to his son-in-law *72 absolutely upon his intermarriage, as an advancement. That during the revolutionary war, his father-in-law, the said William Merril, became indebted, and that to avoid the payment of his debts, the deed of gift of 1784 was made.
He further states that, upon his intermarriage with his wife, the defendant Margaret, he had the negro Milly given to him as an advancement by the said William Merril, it being no more than a fair proportion of the slave property of his said father-in-law at the time of defendant’s marriage which was in the year 1800. He admits the sale to defendant Parchment.
The defendant Parchment in his answer states, that in March 1815, he purchased the slaves Milly, Randal and Dicy, from the defendant Johnston, believing him to be the true owner of them, that he gave a bond to make a title to a certain tract of land lying in Lincoln county, his title to which is indisputable, as the consideration for the purchase of said slaves, and that he made little or nothing by the contract; the said bond is still in the hands of the defendant Johnson or his assignee &c. He further answering states, that being a bona fide purchaser for a valuable consideration without notice, he prays and expects to be protected by this court.
The proof in the cause is not sufficient to substantiate the defence relied upon by the defendant Johnston. The deed of gift of 1784, which has been satisfactorily proved, must regulate the property in the slaves Dinah and Harry, and in the increase of Dinah. This deed gives it to complainant Sally Merril during her life, and after her death to her children. This life interest the husband William Merril had the right to dispose of, and from the testimony it appears, he made a valid disposition of it so far as regards the slave Milly, (the increase of Dinah,) by giving her to the defendant Johnston. This disposition it is true, in terms was a gift of the slave to them forever, and purported to transfer the absolute property; this could not be done, because the interest of the donor was special and limited; but it was good to the extent of his power, that is for and during the life of his wife.
*73 With respect to the other defendant, Parchment, the defence set up by him in his answer to the claim of the complainant, that he is a purchaser for a valuable consideration without notice, cannot avail him; for by his answer, he admits the consideration of the purchase is not yet paid, but only secured to be paid. The consideration agreed is a tract of land, and a bond given to execute a conveyance, which is not yet done. This is no protection; all the books agree that the consideration must be actually paid; not merely secured to he paid, for otherwise the purchaser would not be hurt. (3 Atkins 304,814. Mad. ch. 255, Cooper pi. 282. 3P.Wms. 307.
On this view of the case the bill must be dismissed with costs as to complainant Sally, she having no interest in the negroes, the object of the bill. But as to the other complainants, (the children of complainant Sally,) the bill must be retained, for the purpose of having the relief prayed for in the bill, to wit: — security from the defendants that the negroes be not removed out of this state, or that the same may be forthcoming upon the expiration of the life estate to satisfy the complainants’ demand. This equitable relief they are entitled to against the defendants, from the disposition manifested by them to deprive the complainants of their interest in said slaves, by claiming them as their absolute property, and affecting to treat them as such. But as the value of these slaves is not known to this court so as to enable it to say in what sum the defendants shall be bound, a reference must be made to the clerk and matter to ascertain their respective values, and report thereon. Decree accordingly.